# THOMAS

v.

# UNIVERSITY OF AKRON.

2002-Ohio-7402.]

Court of Claims of Ohio.

No. 2000–08753.

Decided Dec. 13, 2002.

Walter Kaufmann, for plaintiff.

Betty D. Montgomery, Attorney General, and John P. Reichley, Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

{¶ 1} This case was tried to the court on the issue of damages. Plaintiff and defendant had previously filed a stipulation that defendant breached a duty of reasonable care that it owed to plaintiff; however, defendant denied that the incident giving rise to plaintiff's negligence claim proximately caused injury to plaintiff.

{¶ 2} Based upon the evidence presented, the court makes the following factual findings. On August 31, 1998, plaintiff was a student at defendant, University of Akron ("UA"). On that date, plaintiff, who is vision-impaired, slipped in a pool of water that had backed up in the shower drain of UA's dormitory, causing him to fall. Plaintiff landed on his right side, suffering a soft-tissue injury to his right shoulder and neck.

{¶ 3} Plaintiff initially was treated at UA's infirmary. He subsequently started physical therapy at UA's medical facility, while continuing with his studies; however, he did not complete the therapy because he did not believe it to be effective. Plaintiff graduated from UA in 1999.

{¶ 4} Plaintiff returned to his hometown of Marietta, where he resided with his parents the first year. He began treatment for his neck and shoulder pain with his family physician, Dr. Charles Williams, who prescribed both pain medication and a referral to Dr. Sanjay Mehta, an orthopedist. Plaintiff was also examined by an orthopedic surgeon Dr. Gerald Rosenberg, who recommended surgery. As of the time of trial, plaintiff had not had surgery on his shoulder.

{¶ 5} In addition, Dr. Williams referred plaintiff to Dr. Michael Shramowiat, a practitioner in Vienna, West Virginia. Dr. Shramowiat diagnosed plaintiff's condition as "cervical sprain, cervical reticulopathy and right shoulder impingement." Dr. Shramowiat noted that an MRI of plaintiff, taken on March 27, 2001, "showed a disc herniation at T3–4." Dr. Shramowiat stated in his deposition that plaintiff "could have had a resultant disc herniation from the fall." Plaintiff had an EMG taken on April 12, 2001, and the reading was normal. Dr. Shramowiat opined that as a result of the fall, plaintiff's injuries included tendonitis and "more than likely the disc herniation." He also stated that aside from any degenerative changes, the tendonitis and disc herniation are conditions that can heal.

{¶ 6} Dr. Shramowiat initially treated plaintiff with Noroxin, a pain medication, as well as Vioxx, an anti-inflammatory. He further recommended that plaintiff use a TENS unit, an electrical stimulation machine, to treat his pain. Dr. Shramowiat also referred plaintiff for physical therapy three times a week for a four-week period. Plaintiff began the therapy, but he did not complete the regimen.

{¶ 7}   The deposition testimony of Dr. Walter Hauser was introduced at trial. Dr. Hauser testified that, at defendant's request, he conducted an independent examination of plaintiff on October 9, 2002.   Dr. Hauser noted tenderness over the top of plaintiff's right shoulder in the upper trapezius area, as well as discomfort over plaintiff's right acromioclavicular joint.   Dr. Hauser noted no objective findings during his examination and stated, "The only abnormal findings were the areas of discomfort that he pointed out, which are subjective, and the slight limitation of the rotation in the cervical area, or the neck."   Dr. Hauser opined that plaintiff had a minor strain of the cervical area.   Dr. Hauser also opined that plaintiff had mild, minor degenerative changes associated with his cervical spine prior to his fall on August 31, 1998.   Dr. Hauser stated that plaintiff "did sustain some type of injury to his right shoulder" as a result of his fall, but that "there wasn't any evidence on his x-rays or his MRI of anything other than some minor wear and tear changes on his shoulder."   Dr. Hauser stated that he saw no reason to direct plaintiff for any further treatment.

{¶ 8}   Plaintiff, who is currently employed as an assistant housing specialist, uses a TENS unit for pain management on a daily basis.   He testified that his injuries have not healed and that he continues to experience pain, especially in instances in which he is required to raise his arm at shoulder level and above. Plaintiff further stated that his injuries have slowed him down and made him less independent.

{¶ 9}   The court finds, pursuant to the aforementioned stipulation, that UA was negligent and breached its duty of reasonable care owed to plaintiff. The court further finds that defendant's breach of duty proximately caused plaintiff's injury.

{¶ 10}   At trial, plaintiff introduced evidence of unpaid medical bills.   In an action against a university, R.C. 3345.40 sets forth criteria regarding the recovery of damages.   Among the allowable damages under that statute, an injured plaintiff is entitled to recover, as "actual loss," expenditures for medical care or treatment that were necessary because of the injury.   Based upon the above-cited facts, the court concludes that plaintiff is entitled to recover total damages in the amount of $25,000, including damages for actual loss in the form of unpaid medical bills and pain and suffering incurred as a direct and proximate result of defendant's negligence.   Accordingly, judgment shall be rendered in that amount plus the filing fee paid by plaintiff.

Judgment for plaintiff.

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.